**BEYOND NUCLEAR, INC., Petitioner**

v.

**U.S. NUCLEAR REGULATORY COMMISSION and United States of America, Respondents**

**DTE Energy Company, Intervenor**

**No. 15-1173**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: November 27, 2017

Terry Jonathan Lodge, Esquire, Attorney, Law Office of Terry J. Lodge, Toledo, OH, for Petitioner

Michelle Dara Albert, Senior Attorney, Andrew Paul Averbach, Solicitor, U.S. Nuclear Regulatory Commission, (NRC) Office of the General Counsel, Rockville, MD, for Respondent U.S. Nuclear Regulatory Commission

Aaron Peter Avila, Evelyn S. Ying, U.S. Department of Justice, (DOJ) Environment and Natural Resources Division, Washington, DC, for Respondent United States of America

David A. Repka, Winston & Strawn LLP, Washington, DC, Tyson Rowton Smith, Winston & Strawn LLP, San Francisco, CA, for Intervenor for Respondent DTE Energy Company

Before: Garland, Chief Judge, Henderson, Circuit Judge, and Edwards, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This petition for review was considered on the record from the Nuclear Regulatory Commission (NRC) and on the briefs filed by the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Petitioner Beyond Nuclear challenges the NRC's decision to grant DTE Electric Company a combined license to construct and operate a nuclear power plant. Specifically, it challenges NRC's denial of petitioner's: (1) request to admit for an adjudicatory proceeding an untimely contention challenging the NRC's Environmental Impact Statement (EIS); (2) request to consider that untimely contention at a contested hearing on a sua sponte basis; and (3) challenge to the adequacy of DTE's quality-assurance program. Each argument is unsuccessful.

We owe an agency's interpretations of its own procedural regulations substantial deference, giving them "controlling weight" unless "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (citation omitted). The NRC did not plainly err in determining that Beyond Nuclear's contention regarding the EIS was untime-

ly under its regulations and was not based on information that was "not previously available," 10 C.F.R. § 2.309. Nor did it abuse its discretion in deciding that the issue presented by the contention was not so "serious" as to warrant sua sponte review in a contested hearing under 10 C.F.R. § 2.340, because the EIS did consider the issues presented by the contention and because the NRC had already scheduled a hearing to review the overall sufficiency of the EIS. *See Lorion v. NRC*, 785 F.2d 1038, 1042 (D.C. Cir. 1986).

Finally, we reject Beyond Nuclear's claim that the NRC was arbitrary and capricious in accepting DTE's quality-assurance program. The record does not support the claim that the NRC ignored undisputed evidence regarding the program. Rather, the record indicates that the NRC rationally considered all relevant facts before denying Beyond Nuclear's challenge to the program. Nor do the NRC's regulations support Beyond Nuclear's assertion that the NRC acted unlawfully in ruling that DTE could rely on the quality-assurance program of its contractor while preparing its license application, as long as DTE retained responsibility for that work. To the contrary, the regulations expressly permit an applicant to "delegate to others . . . the work of establishing and executing" a quality-assurance program, so long as the applicant retains final responsibility over the program. 10 C.F.R. Pt. 50 App. B.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.